```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

WILLIAM BRANDON CUMMINGS           :      CIVIL ACTION
                                   :
           v.                      :
                                   :
SGT. SMITH, *et al.*               :      NO. 09-cv-0335-JF

<u>MEMORANDUM</u>

Fullam, Sr. J.                                   January 20, 2011

   Plaintiff, a state prisoner, has filed a *pro-se* § 1983 action against prison officials alleging violations of his First and Eighth Amendment rights and retaliation. I dismissed the claims against former defendant "Sgt. Smith" without prejudice by Order dated July 27, 2010.[1] Defendant Sgt. Tyrone Simmons ("Simmons"), the only defendant to be served to date, has now filed a motion to dismiss Plaintiff's amended complaint for failure to state causes of action for which relief can be granted.

   I will grant the motion to dismiss as to all claims against Simmons. First, Plaintiff alleges that Simmons violated his First Amendment right of access to the courts by failing to intervene when another prison official allegedly threw away or confiscated Plaintiff's legal mail. However, Plaintiff fails to plead facts alleging Simmons had any personal involvement in the

---

  [1]By separate order signed this date, I have granted Plaintiff's motion for reconsideration as he has provided the information necessary to identify the defendant.

other official's actions, which is fatal to his First Amendment claim against Simmons. See Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d Cir. 2005).

Plaintiff further alleges that Simmons violated Plaintiff's Eighth Amendment rights by (1) exhibiting deliberate indifference to Plaintiff's medical needs after another prison official allegedly sprayed mace into the prison cell above Plaintiff's that then filtered into Plaintiff's cell through a vent; and (2) subjecting Plaintiff to verbal harassment and making threatening gestures. Plaintiff has failed to state a claim based on deliberate indifference because he has failed to plead that his medical needs were "serious," or that Simmons was subjectively aware of Plaintiff's injuries and disregarded a serious risk of harm to Plaintiff. See Woloszyn v. County of Lawrence, 396 F.3d 314, 321 (3d Cir. 2005). Plaintiff's allegations that Simmons verbally threatened him and made choking gestures while walking by his cell also fail to state an Eighth Amendment claim. Verbal harassment, even coupled with threatening language and gestures, cannot support a § 1983 claim under the circumstances alleged here. See Durham v. Vekios, No. 09-cv-5376 (FLW), 2010 WL 5479633, at *5 (D.N.J. Dec. 22, 2010) (collecting cases).

Finally, Plaintiff has also failed to state a cause of action for retaliation based on Plaintiff's requests for

grievance forms, as he has failed to plead facts showing a causal connection between his requests and Simmons's allegedly retaliatory verbal comments, or that Simmons's comments constituted "adverse actions" that would "deter a person of ordinary firmness from exercising his constitutional rights." <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001).

An order will be entered.

BY THE COURT:


 /s/ John P. Fullam
John P. Fullam, Sr. J.