# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BRANDON CUMMINGS | : |
|       Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. 09-0335 |
| | : |
| SGT. SMITH, *et al.* | : |
|       Defendants. | : |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                    December 21, 2012

Plaintiff, a state prisoner, filed a § 1983 action against prison officials alleging violations of his First and Eighth Amendment rights and retaliation. The remaining Defendant, Sgt. Robert Smith, has filed a motion to dismiss the claims against him.[1] Even construing Plaintiff's complaint liberally as he is proceeding *pro se*, and accepting as true all facts in the original and amended Complaints and viewing them in the light most favorable to Plaintiff, he has failed to state a claim upon which relief can be granted.[2]

Plaintiff alleges that Defendant threw away some of Plaintiff's important legal papers that could have resulted in his release from prison, verbally harassed and intimidated Plaintiff when Plaintiff requested grievance forms, and sprayed mace into the cell "directly about" Plaintiff's

---

[1] The claims against the other Defendant were dismissed by memorandum and order dated January 20, 2011, before service was effected upon Sgt. Smith.

[2] Plaintiff did not file a response to the motion; however, the Court does not grant the motion as unopposed but instead considers the merits of Plaintiff's claims. In assessing the adequacy of the Complaint, the Court has employed the three-part test directed by the Third Circuit: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 562 U.S.662, 675-80 (2009)).

cell as a prank, which caused Plaintiff to become ill when the mace came through a vent into Plaintiff's cell.[3]

Plaintiff's allegations of Defendant's use of racial insults and intimidating language do not state a cause of action. Verbal harassment, even coupled with threatening language and gestures, cannot support a § 1983 claim in these circumstances, and that claim will be dismissed with prejudice.[4]

With regard to the alleged removal of his legal papers, an inmate who alleges a violation of the right of access to the courts pursuant to the First Amendment must be able to show an actual injury.[5] Actual injury can be demonstrated by showing that the defendant's actions resulted in the "loss or rejection of a legal claim."[6] The lost or rejected legal claim must be specifically identified and meritorious.[7] Here, Plaintiff alleges the lost legal claim only in general terms, and the claim will be dismissed without prejudice so that Plaintiff may have the opportunity to allege a specific and meritorious claim.[8]

Plaintiff also alleges that his Eighth Amendment rights were violated by the spraying of mace into a nearby cell. A prison official violates the Eighth Amendment when he acts with

---

[3] Doc. Nos. 3, 17.

[4] See Durham v. Vekios, No. 09-cv-5376 (FLW), 2010 WL 5479633 at *5 (D.N.J. Dec. 22, 2010) (collecting cases).

[5] Lewis v. Casey, 518 U.S. 343, 350 (1996).

[6] Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997).

[7] Christopher v. Harbury, 536 U.S. 403, 414 (2002).

[8] Plaintiff also must be able to allege that this claim could not be redressed through any other means, for example, a state remedy for loss of property. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

2

deliberate indifference to a known, objectively serious risk to a prisoner's health or safety.[9] The plaintiff must allege that the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind."[10] Here, Plaintiff alleges that the action was a "prank;" he has not alleged that Defendant intended, or was deliberately indifferent to, a risk to Plaintiff's health, or that such a risk was serious.[11] This claim will be dismissed without prejudice to allow Plaintiff a final opportunity to state a cause of action.

An order will be entered.

---

[9] Beers–Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

[10] Wilson v. Seiter, 501 U.S. 294, 298 (1991).

[11] See Woloszyn v. County of Lawrence, 396 F.3d 314, 321 (3d Cir. 2005).