# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANDON CUMMINGS | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 09-0335 |
| | : | |
| SGT. SMITH, *et al.* | : | |
|       Defendants. | : | |
| | : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                          September 25, 2013

Plaintiff, a prisoner in state custody, filed this § 1983 action against prison officials alleging violations of his First and Eighth Amendment rights and retaliation. The remaining Defendant, Sergeant Robert Smith, has filed a motion to dismiss the Amended Complaint.[1] The Motion will be granted in part and denied in part.[2]

In the Amended Complaint, Plaintiff alleges in relevant part that:

> Sgt. Robert Smith performed a cell search of Plaintiff's cell and took numerous legal documents dealing with ineffective assistance of counsel claims, Plaintiff had prepared for his counsel to challenge the actual injury is Plaintiff had been barred from presenting these claims to his counsel so counsel could request to amend his sufficiency of the evidence claim in the Superior Court of Pennsylvania. I want $50,000 dollars for my injuries. In October 2007, approximately, Sgt. Robert Smith for no official prison business sprayed mace into a cell directly above the cell the plaintiff had been in. Smith sprayed the mace

---

[1] On January 20, 2011, before service was effected upon Sgt. Smith, the claims against the other Defendant were dismissed by the Judge to whom this case was previously assigned. By memorandum and order dated December 21, 2012, this Court granted an earlier motion to dismiss against Defendant and allowed Plaintiff an opportunity to file an amended complaint.

[2] In assessing the adequacy of the allegations in the Amended Complaint, which are construed liberally as Plaintiff is proceeding *pro se*, the Court has employed the three-part test directed by the Third Circuit: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 562 U.S. 662, 675-80 (2009)) (internal citations omitted) (alteration in original).

> as a joke into the cell of a prisoner named "Snacks" there had been no reason to spray the mace. Smith with deliberate indifference sprayed the mace without warning me, nor did he announce he'd had intentions of spraying the mace. All Smith did was laugh. Smith had not thought about his actions regarding my health, being I'd started coughing and vomiting, my eyes watered and I became blind, and my skin burned and itched. The cell where Smith sprayed the mace, it had been attached to the cell I'd been in and the vents were connected, and this is how I became sick. I'd ask for some help and asked him to call medical, he'd deliberately laughed at me [and] left. Smith by playing his joke did not take into account the serious health risk he'd presented . . . I could have been permanently blind. . . .[3]

With regard to the alleged removal of his legal papers, as the Court explained in dismissing the prior complaint, an inmate who alleges a violation of the right of access to the courts pursuant to the First Amendment must be able to show an actual injury.[4] Actual injury can be demonstrated by showing that the defendant's actions resulted in the "loss or rejection of a legal claim."[5] The lost or rejected legal claim must be specifically identified and meritorious.[6] Plaintiff has again failed to identify such a rejected claim with the required specificity, and this claim will be dismissed.[7]

Plaintiff also alleges that his Eighth Amendment rights were violated by the spraying of mace into a nearby cell. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a known, objectively serious risk to a prisoner's health or safety.[8] A plaintiff must allege that the prison official responsible for the conditions of confinement acted

---

[3] Doc. No. 38.

[4] Lewis v. Casey, 518 U.S. 343, 350 (1996).

[5] Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997).

[6] Christopher v. Harbury, 536 U.S. 403, 414 (2002).

[7] Plaintiff also must be able to allege that this claim could not be redressed through any other means such as a state remedy for loss of property. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

[8] Beers–Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

2

with "a sufficiently culpable state of mind."[9] Here, Plaintiff alleges that the action was a "prank," whereby Defendant sprayed the mace into another cell, and that the mace then migrated through a vent to Plaintiff's cell. From these allegations, it is simply too attenuated as a matter of law to conclude that Defendant, could have been deliberately indifferent to a serious risk of injury to *Plaintiff* or that Defendant acted "maliciously and sadistically to cause harm."[10] Therefore, this claim will be dismissed.

Plaintiff also alleges that he was denied medical attention after being exposed to the mace. "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm."[11] Deliberate indifference may be shown by "intentionally denying or delaying medical care."[12] Plaintiff has not alleged that he suffered any lasting or continuing problems as a result of the mace.[13] Courts have held that, however, that the failure to decontaminate prisoners or otherwise provide medical treatment for prisoners exposed to pepper spray can support a claim for the violation of the Eighth Amendment, where the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"[14] Here, Plaintiff alleges that he vomited, his skin burned and itched, and he

---

[9] Wilson v. Seiter, 501 U.S. 294, 297 (1991).

[10] Hudson v. McMillian, 503 U.S. 1, 7 (1992). Had the mace been directed into Plaintiff's cell, the action may have constituted excessive force, prank or not. See Whitley v. Albers, 475 U.S. 312, 319 (1986)

[11] See Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

[12] Estelle, 429 U.S. at 104-05.

[13] See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994).

[14] Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104)). In Clement, as in this case, the spray was not directed at the plaintiffs, but had drifted from other areas of the prison.

was temporarily blinded. Although it may be that the harm was too transient to establish a violation or that prompt medical attention would not have made a difference with regard to the effects of the mace, these constitute factual issues that are not properly resolved on a motion to dismiss. In addition, Plaintiff alleges that Defendant laughed when Plaintiff requested medical care, which is sufficient to state a claim that Defendant had a sufficiently culpable state of mind, i.e., that he was aware of but disregarded Plaintiff's potentially serious medical need.[15]

Finally, Defendant argues that Plaintiff failed to exhaust his administrative remedies before filing suit in federal court, as required by the Prison Litigation Reform Act ("PLRA").[16] However, failure to exhaust is an affirmative defense that must be raised and proven by defendants.[17] The PLRA does not create or impose an administrative procedure, but requires that plaintiffs use the procedures available to them in the institutions in which they are incarcerated.[18] In this case, Plaintiff asserts in his opposition to the motion to dismiss that he was refused requested grievance forms and therefore could not file a grievance, which is all that is needed to make the question of exhaustion unsuited to resolution on a motion to dismiss.[19] Defendant's motion will be denied on this basis. An order will be entered.

---

[15] Id.

[16] 42 U.S.C. § 1997e.

[17] Ray v. Kertes, 285 F.3d 287, 295-96 (3d Cir. 2002).

[18] 42 U.S.C. § 1997e(a).

[19] The burden of proving the availability of the administrative process lies with Defendants. See Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002); Berry v. Klem, 283 F. App'x 1, 4 (3d Cir. 2008).